Merrimack,
No. 4831.

I. REED GOURLEY, *Tr. v.* GARDNER B. GREENE *& a.*

Argued May 3, 1960.

Decided May 31, 1960.

502

Elwin L. Page for I. Reed Gourley, trustee, furnished no brief.

Upton, Sanders & Upton (Mr. Robert W. Upton orally), for Gardner B. Greene.

H. Thornton Lorimer and G. Wells Anderson (Mr. Anderson orally), for Marion H. Tuttle.

Frederick S. Hall, guardian ad litem, furnished no brief.

WHEELER, J. The answers to the questions presented involve the ascertainment of the testatrix's intention deduced from the language of the entire will and in light of all surrounding circumstances. *Amoskeag Trust Co.* v. *Haskell,* 96 N. H. 89; *Roberts* v. *Tamworth,* 96 N. H. 223, 225.

Willard T. Greene, the father of Gardner B. Greene, was the stepson of the testatrix. Gardner claims the corpus of the trust as sole surviving beneficiary and contends that the trust should be terminated and its assets turned over to him. Marion H. Tuttle is a second cousin of Anstis and claims that she will be entitled to the corpus of the trust as sole heir of the testatrix upon the death of the surviving beneficiary, Gardner B. Greene.

Anstis, the testatrix, was the widow of Herman W. Greene, a lawyer. They resided in Hopkinton during his lifetime and Anstis continued to live there after her husband's death in 1896. Her stepson Willard, his wife and three children, also resided there. The children lived "in intimate and affectionate association with Anstis, whom they regarded as their grandmother, and she looked upon them as grandchildren." Marion H. Tuttle and her mother were likewise friendly with Anstis and frequently visited with her in Hopkinton, and Anstis, in turn, on her shopping trips to Concord, visited and dined with them.

The will contained no gift over of the corpus of the trust and contained no residuary clause. The residue of the estate amounted to $2,522.79, which was distributed as intestate property to three first cousins, now deceased, one of whom was the mother of the defendant Marion Tuttle. If the testatrix had not struck from her will the thirty-one shares of U. S. Steel, there would have been very little, if any, residue. She was not unfamiliar with the legal significance of a residuary clause, since she acquired the greater part of her estate as residuary legatee under the will of her husband.

The failure to devise a gift over of any remainder, while not conclusive evidence, may, in light of all the surrounding circumstances, indicate an intention on the part of the testatrix to devise the entire interest in property. *Ruel* v. *Hardy,* 90 N. H. 240.

Other eminent authorities reach this conclusion. "In determining the extent of the interest given to the beneficiary, it is necessary to consider the language used in the trust instrument as interpreted in the light of all the circumstances. In many cases it has been held that the beneficiary is entitled to the entire beneficial

interest even though the trust instrument speaks only of the payment of income to him. Where there is a gift of income without limitation of time, express or implied, there is a gift of the entire beneficial interest." II Scott on Trusts, *s*. 128.2. To the same effect see *Wilkins* v. *Miltimore*, 95 N. H. 17; *Boulton* v. *Clough*, 96 N. H. 404.

The testatrix's will was made about three months after the death of her stepson Willard. She lived in close and affectionate association with his children. The fact that she received the major portion of her estate from her husband, who was Willard's father, made Willard's family the natural objects of her bounty. When the will was made her three first cousins, then fifty-seven to sixty-four years of age, were her probable heirs, one of them being the mother of the defendant Marion Tuttle, who was then twenty-four. The first cousins were unlikely to survive Willard's children, named as beneficiaries of the trust, whose ages ranged from thirty to thirty-six when the will was made.

We are of the view that considering the will as a whole and other surrounding circumstances it was the intention of the testatrix to bequeath the entire beneficial interest in the trust estate to the survivor of the beneficiaries.

The answer to question 1 is "yes." The answer to question 2 is "yes."

*Remanded.*

All concurred.